# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IAN NIEMIEC, | ) | |
| | ) | |
| Plaintiff, | ) | 15 C 2799 |
| | ) | |
| v. | ) | Judge John Z. Lee |
| | ) | |
| ILLINOIS BELL TELEPHONE | ) | |
| COMPANY d/b/a AT&T ILLINOIS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Ian Niemiec brings this suit against his employer, Defendant Illinois Bell Telephone Company, for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), the Illinois Minimum Wage Law ("IMWL"), and the Illinois Wage Payment and Collection Act ("IWPCA"). Illinois Bell filed a motion to dismiss arguing that, despite Niemiec's involvement in a collective action suit against the employer, the claims should be dismissed to the extent they encompass activity that dates earlier than three years before the individual suit was filed. For the reasons discussed below, Illinois Bell's motion to dismiss [32] is granted in part and denied in part.

## Factual and Procedural Background

Niemiec worked as a technician for Illinois Bell. Am. Compl. ¶ 1. He alleges that he was required to perform various tasks, such as checking for supplies and reviewing blueprints, before leaving the garage to perform his assigned jobs for the day. Am. Compl. ¶¶ 32–33. In order to perform these tasks, Niemiec had to come to the garage twenty minutes before the start of his shift. Am. Compl. ¶ 34. Similarly, Niemiec was required to perform various tasks at the end of his shift, but was prohibited from returning to the garage earlier than twenty minutes before the

end of his shift. Am. Compl. ¶ 38–39. Niemiec alleges that his supervisors knew that he was not being paid for the time it took him to complete these tasks. Am. Compl. ¶ 41.

Niemiec also alleges that each day he was deducted thirty minutes from his time for lunch, whether or not he took the break. Am. Compl. ¶¶ 35–37. As with his pre-shift and post-shift work, Niemiec alleges that his supervisors were aware that he was not being paid for the time he worked through lunch. Am. Compl. ¶ 41.

On January 17, 2011, several Illinois Bell employees filed an FLSA collective action and an IMWL class action. Am. Compl. ¶ 1, *Blakes v. Ill. Bell Tel. Co.*, No. 11-cv-0336, ECF No. 11. The *Blakes* complaint alleges (1) that Illinois Bell employees were deducted a half-hour break for lunch even if they were working and (2) that the employees had to stay past the end of their shift to perform various tasks. Am. Compl. ¶¶ 21–36, *Blakes*, No. 11-cv-0336. Niemiec opted in to the collective action. Am. Compl. ¶ 11. Although the collective action in *Blakes* was conditionally certified, following discovery the judge decertified the collective action as to several claims, including the claims based on unpaid wages during the lunch break. *See* Mem. Op. & Order, *Blakes v. Ill. Bell Tel. Co.*, No. 11-cv-0336, ECF No. 233. The members of the collective action were given until February 28, 2014, to file individual suits based on the decertified claims. *See* Min. Entry, *Blakes v. Ill. Bell Tel. Co.*, No. 11-cv-0336, ECF No. 239.

On February 28, 2014, Niemiec joined over one hundred employees in a suit against Illinois Bell based on some of the claims that had been decertified. *See* Compl., *Tinoco v. Ill. Bell Tel. Co.*, No. 14-cv-1456, ECF No. 1. Chief Judge Castillo severed the plaintiffs' misjoined claims and allowed them to file individual actions by July 30, 2015. *See* Order, *Adkins v. Ill. Bell Tel. Co.*, No. 14-cv-1456, ECF No. 146. Niemiec filed his complaint in this case on July 10, 2015.

**Legal Standard**

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *Christensen v. Cty. of Boone, Ill.*, 483 F.3d 454, 457 (7th Cir. 2007). Under the federal notice pleading standards, "a plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008); *see also* Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss under Rule 12(b)(6), the Court must "accept [ ] as true all well-pleaded facts alleged, and draw[ ] all possible inferences in [the plaintiff's] favor." *Tamayo*, 526 F.3d at 1081.

A complaint, however, must also allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Plausibility, however, "does not imply that the district court should decide whose version to believe, or which version is more likely than not." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

**Analysis**

**I.     Tolling of Statute of Limitations**

The statute of limitations for claims under the FLSA is two years for ordinary claims and three years for willful violations. 29 U.S.C. § 255(a). The statute of limitations under the IMWL is three years. 820 Ill. Comp. Stat. 105/12(a). Illinois Bell agrees that, at a minimum, the statute of limitations is to be measured from the time the complaint was filed before Chief Judge

Castillo in *Tinoco*. *See* Mem. Supp. Mot. Dismiss 5. The question presented here is whether the *Blakes* collective action tolls Niemiec's claims even further.

In *American Pipe and Construction Company v. Utah*, the Supreme Court held that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." 414 U.S. 538, 554 (1974). This form of tolling lasts "only during the pendency of the motion to strip the suit of its class action character." *Id.* at 561. The rule from *American Pipe*, which dealt with a plaintiff who had intervened in the class action, was later extended to plaintiffs who filed individual suits following the denial of a motion for class certification. *See Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 350 (1983).

Although the Seventh Circuit has not articulated a standard for when a newly filed case benefits from tolling due to a previously filed class action, other courts in this district have described the rule as requiring that the new claims be substantially similar to those brought in the original class action. *See Finwall v. City of Chi.*, 2007 WL 2404611, at *2 (N.D. Ill. 2007); *Sellers v. Bragg*, 2005 WL 1667406, at *6 (N.D. Ill. 2005). That is, the new suit must raise claims "that concern the same evidence, memories, and witnesses as the subject matter of the original class suit." *Sellers*, 2005 WL 1667406, at *6 (quoting *American Pipe*, 414 U.S. at 562 (Blackmun, J., concurring)); *see also Crown, Cork & Seal*, 462 U.S. at 355 (Powell, J., concurring). Given that the main concern is notice to the defendant, it makes sense that this standard should be similar to the rule governing relation-back of amendments to a complaint. *See* Fed. R. Civ. P. 15(c).

Here, Niemiec's claims can be separated into three categories of activities for which he was not paid: (1) pre-shift duties, (2) working through his lunch break, and (3) post-shift duties.

*See* Mem. Supp. Mot. Dismiss 1. The pre-shift duties were not part of the class action complaint in *Blakes*. Instead, the allegations in that case related only to lunch and post-shift work done by the employees. *See generally* Am. Compl., *Blakes*, No. 11-cv-0336. Despite Niemiec's attempt to call all unpaid work a single claim, the evidence required to prove the pre-shift portion of the current complaint would be very different from the evidence that will be used to prove the allegations involving his lunch break and post-shift duties. Accordingly, the pre-shift claims are dismissed to the extent that they accrued prior to February 28, 2011—three years from the filing of the individual suit in *Tinoco*.[1]

The lunch break and post-shift allegations, however, were part of the *Blakes* collective action suit. The complaint in that case contained allegations that Illinois Bell employees worked during the lunch break, even though they were not paid for it, and had to stay beyond the end of their shift to complete certain tasks. Am. Compl. ¶¶ 17, 26–30, *Blakes*, No. 11-cv-0336. Those claims are nearly identical to the ones being presented by Niemiec in this case. *Cf.* Am. Compl. ¶¶ 35–40. Although Illinois Bell attempts to distinguish the type of work that was alleged in the *Tinoco* case from that alleged here, the nature of the allegations are substantially the same and the evidence required to prove the lunch allegations in *Blake* and those in this case is indistinguishable. Thus, the statute of limitations for Niemiec's lunch claims and post-shift work are calculated from the time Niemiec filed his consent to the *Blakes* litigation.[2]

## II. IWPCA Claim

Illinois Bell moves to dismiss Niemiec's claim based on the Illinois Wage Payment and Collection Act ("IWPCA"). The IWPCA does not create a substantive right to payment for

---

[1] To the extent that Niemiec cannot prove that the violations of FLSA were willful, the cutoff date is February 28, 2012.

[2] For collective actions, the action is considered to be commenced on the date when the individual consents. *See* 29 U.S.C. § 256.

5

employees. *See Hoffman v. RoadLink Wokforce Sols., LLC*, 2014 WL 3808938, *4 (N.D. Ill. Aug. 1, 2014). Instead, the Act allows employees to recover compensation owed by an employer "pursuant to an employment contract or agreement between the 2 parties." 820 ILCS 115/2–3. Thus, to prevail on an IWPCA claim, a plaintiff must show that he or she "had a valid contract or employment agreement." *Hess v. Kanoski & Assocs.*, 668 F.3d 446, 452 (7th Cir. 2012). Niemiec asserts three possible sources of an employment agreement: the collective bargaining agreements, the code of business conduct, and the reporting time worked guidelines. Am. Compl. ¶ 21–23.

To the extent that the IWPCA claim is based on the collective bargaining agreements, Illinois Bell argues that it is preempted by § 301 of the Labor Management Relations Act ("LMRA"). Section 301 states: "Suits for violation of contracts between an employer and a labor organization representing employees . . . may be brought in any district court of the United States having jurisdiction of the parties." 29 U.S.C. § 185(a). The Supreme Court has construed this provision as displacing any state cause of action for violation of contracts between employers and labor organizations. *See Francise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 23 (1983). To determine whether a state law claim is preempted, a court must determine whether the state law claim is independent of any understanding embodied in the collective bargaining agreements. *See Baker v. Kingsley*, 387 F.3d 649, 657 (7th Cir. 2004). Here, the agreements contain detailed provisions that specify how much employees are paid for overtime and how those amounts are calculated. *See* Mem. Supp. Mot. Dismiss, Ex. B. In fact, Niemiec points to the collective bargaining agreements as a basis for his claim for overtime wages. *See* Am. Compl. ¶ 21. Accordingly, Niemiec's IWPCA claim based on the collective bargaining agreements is preempted by the LMRA.

Next, Niemiec bases his IWPCA claim on Illinois Bell's code of business conduct. The code, however, contains a disclaimer: "The Code of Business Conduct is not a contract of employment and does not create contractual rights of any kind between AT&T and its employees." *See* Mem. Supp. Mot. Dismiss, Ex. D at 2. This express language puts the code of business conduct outside the realm of agreements subject to the IWPCA, which require a manifestation of "mutual assent" from the parties. *Zabinsky v. Gelber Grp., Inc.*, 807 N.E.2d 666, 671 (Ill. App. Ct. 2004).

Nor can Niemiec base his IWPCA claim on Illinois Bell's guidelines on reported time worked. That document just reiterates the state law requirements that employees be paid overtime when they work more than forty hours in a week. *See* Mem. Supp. Mot. Dismiss, Ex. E. In fact, the first line in the document states: "The company must keep an accurate record of all time worked each day and week by employees classified as non-exempt from the minimum wage and overtime requirements of the Fair Labor Standards Act and all applicable state local laws." *See id.* As such, the Reporting Time Worked policy cannot be the basis for Niemiec's IWPCA claim. *See Pavur v. Ill. Bell Tel. Co.*, 2016 WL 278886, at *3 (N.D. Ill. Jan. 21, 2016); *House v. Ill. Bell Tel. Co.*, 2015 WL 7731866, at *5 (N.D. Ill. Dec. 1, 2015).

Accordingly, the Court grants Illinois Bell's motion to dismiss Niemiec's IWPCA claim.

**Conclusion**

For the reasons stated herein, Illinois Bell's motion to dismiss [32] is granted in part and denied in part. Concerning the statute of limitations arguments, the motion is granted as to Niemiec's claim for unpaid wages related to pre-shift work and denied as to Niemiec's claim for post-shift and lunch-time work. The motion is granted as to Niemiec's IWPCA claim.


**IT IS SO ORDERED.**                  **ENTERED  2/10/16**

_____

**John Z. Lee**
**United States District Judge**